PER CURIAM:
*201An application of the claimant, Sherri C. Rakes, for an award under the West Virginia Crime Victims Compensation Act, was filed March 8, 1993. The report of the Claim Investigator, filed December 22, 1993, recommended that no award be granted, to which the claimant filed a response indicating her disagreement. An Order was issued on May 20, 1994, upholding the Investigator’s recommendation, in response to which the claimant’s request for hearing was filed May 27, 1994. This matter came on for hearing October 20, 1995, the claimant appearing in person and by counsel, Lena S. Hill, Attorney at Law, and the State of West Virginia by counsel, Jeffrey G. Blaydes, Assistant Attorney General.
On March 22, 1991, at approximately 9:30 p.m., in Man, West Virginia, the claimant was attempting to enter her vehicle. At this time, she heard an unknown individual behind her shout, “Hey”. As the claimant turned around, she was struck under her chin with a hard object, knocking her unconscious. When she regained consciousness, she was bleeding and in need of medical attention. The claimant immediately entered her vehicle and began driving to the nearest hospital. During the drive, the claimant stopped to inform two city police officers of her situation. The officers informed the claimant that they were unable to transport her to the hospital, but they did offer to call an ambulance. The hospital was relatively nearby; therefore, the claimant continued to drive herself to the hospital. The offender was never apprehended, and there are no known witnesses to his incident other than the claimant.
After a careful review of the record, the Court finds that the claimant was the innocent victim of criminally injurious conduct, and that she did inform law enforcement officials of the crime. Moreover, the claimant did not fail to corporate with the investigation, since the police officers did not perform a follow-up investigation.
As a result of the incident, the claimant’s jaw was broken in four places, she sustained several lacerations, and her sense of hearing was permanently impaired. Although the record reveals that the claimant’s medical bills were paid by Medicaid, she did incur out-of-pocket expenses for dentures, a baby sitter, and travel to and from her doctor’s appointments. Claimant’s Exhibits 4-6 indicate that her out-of-pocket expenses total $2,556.64.
The evidence further establishes that the claimant suffered permanent injuries as a result of the incident, and that she has been forced to make adjustments in her lifestyle due to her injuries. According to the claimant, her hearing impairment requires her to rely more closely upon her eyesight, and she often asks people to repeat themselves during a conversation. In addition, the claimant continues to take pain medication for arthritis and migraine headaches resulting from her injuries.
Based on the foregoing, it is the opinion of the Court that the claimant has suffered a great deal of pain and suffering form the injuries she sustained on March 22, 1991, in addition-to her out-of-pocket expenses. Therefore, the Court ORDERS that an award of $7,556.64 be granted to the *202claimant pursuant to the statute in effect at the time, and as set out below.
ENTERED: January 11, 1996
Sherri C. Rakes SSN: 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 c/o Lens S. Hill Attorney at Law P. O. Box 976 Pineville, West Virginia 24874 .$2,556.64
Sherri C. Rakes (pain & suffering).$5,000,00
Total..$7,556.64
David W. Baker, Judge